GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

EDMUND K. SAFFERY          5860-0
esaffery@goodsill.com
REGAN M. IWAO              7446-0
riwao@goodsill.com
LAUREN K. CHUN             10196-0
lchun@goodsill.com
First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 547-5600
Facsimile:  (808) 547-5880

Attorneys for Plaintiff
WELLS FARGO BANK, NATIONAL
ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KEVIN BROWN,<br><br>                    Plaintiff,<br><br>     vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>                    Defendant. | CIVIL NO. _____<br><br>DEFENDANT WELLS FARGO BANK, NATIONAL ASSOCIATION'S **NOTICE OF REMOVAL**; EXHIBITS "A"-"I"; CERTIFICATE OF SERVICE |

## DEFENDANT WELLS FARGO BANK, NATIONAL ASSOCIATION'S NOTICE OF REMOVAL

TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAI'I

Defendant WELLS FARGO BANK, NATIONAL ASSOCIATION ("Wells Fargo"), by and through its attorneys, Goodsill Anderson Quinn & Stifel LLP, A Limited Liability Law Partnership, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446 and Rule 11 and 81(c) of the Federal Rules of Civil Procedure, hereby gives notice of the removal of Civil No. DC-Civil 15-1-2815 from the District Court of the Second Circuit, Molokai Division, State of Hawaii to the United States District Court for the District of Hawaii. Removal is based upon 28 U.S.C. §§ 1332 and 1367 and the procedural requirements for removal have been satisfied. As grounds for removal, Wells Fargo states as follows:

1. On or about December 23, 2015, Plaintiff KEVIN BROWN ("Plaintiff"), commenced an action against Wells Fargo by filing his Complaint in the District Court of the Second Circuit, Molokai Division, State of Hawaii (the "District Court Action"). A copy of the Complaint and Summons is attached hereto as **Exhibit A.**

2. Wells Fargo is the only named defendant in this action.

3. The only allegation in the Complaint filed in the District Court Action was as follows:

> On or about _____, Defendant(s) owed money to Plaintiff(s) as follows:
>
> I was a victim of fraud from multiple companies for work-at-home business opportunities. I am suing under HI Statutes § Improper Use of Defendants' payment systems to defraud my credit cards for unlawful purposes.

(*See* Complaint). The Complaint claimed relief in the amount of $15,253. Id.

4. On March 30, 2016, Wells Fargo filed its Motion to Dismiss Plaintiff's Complaint Dated December 23, 2015 or in the Alternative for a More Definite Statement ("Motion to Dismiss"), on the basis that the Complaint failed to state a claim upon which relief can be granted. A copy of the Motion to Dismiss is attached hereto as **Exhibit B**.

5. On April 4, 2016, Plaintiff filed a Motion for Telephonic Appearance of Expert Witness ("Motion for Telephone Appearance"), which is attached hereto as **Exhibit C**.

6. On April 14, 2016, Plaintiff filed a Response to Wells Fargo Bank, N.A.'s Motion to Dismiss, which is attached hereto as **Exhibit D**.

7. On April 21, 2016, Wells Fargo filed its Memorandum in Opposition to Plaintiff's Motion for Telephonic Appearance of Expert Witness Filed April 4, 2016, which is attached hereto as **Exhibit E**.

8. The Motion to Dismiss and Motion for Telephone Appearance were heard by the Honorable Douglas J. Sameshima on April 26, 2016. The court

denied Plaintiff's Motion for Telephone Appearance. *See* Order Denying Plaintiff's Motion for Telephonic Appearance of Expert Witness Filed April 4, 2016, attached hereto as **Exhibit F**. The court denied in part and granted in part the Motion to Dismiss, denying the request to dismiss but granting the request for a more definite statement and ordering Plaintiff to file a First Amended Complaint by May 12, 2016. *See* Order Granting in Part and Denying in Part Defendant Wells Fargo Bank, National Association's Motion to Dismiss Plaintiff's Complaint Dated December 23, 2015 or in the Alternative for a More Definite Statement, Filed March 30, 2016, attached hereto as **Exhibit G**. The court ordered Wells Fargo to respond to Plaintiff's First Amended Complaint in writing or by appearance on or before May 24, 2016. *See* Exhibit G at 3.

        9.     Plaintiff filed his First Amended Complaint on May 5, 2016. *See* First Amended Complaint, attached hereto as **Exhibit H**. The First Amended Complaint was not served on Wells Fargo's counsel until May 9, 2016. *See* Return of Service, attached hereto as **Exhibit I**.

        10.    The First Amended Complaint alleges that Plaintiff is entitled to relief under the Fair Credit Billing Act 15 U.S.C. §§ 1666 & 1666i, and 12 C.F.R. § 226.12. *See* First Amended Complaint at ¶6-7.[1]

---

[1]    In Paragraph 7 of his First Amended Complaint, Plaintiff alleges that he is entitled to damages under "the Fair Credit Billing Act, ('FCBA') Title III, Chapter

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims in Paragraphs 6-7 of the First Amended Complaint arise under federal law.

12. To the extent that the First Amended Complaint alleges other state law claims against Wells Fargo, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) which states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." All claims against Wells Fargo, including those under Paragraphs 6 and 7 of the First Amended Complaint, are based on Plaintiff's allegation that Wells Fargo wrongfully refused to refund him for allegedly fraudulent charges made on his credit card.

13. The United States District Court for the District of Hawaii encompasses the county in which the State Court Action is now pending, and

---

4, § 161 – Correction of billing errors, and § 170-Rights of credit card customers." These sections are currently codified in the United States Code as 15 U.S.C. §1666 and §1666i respectively.

     In Paragraph 6 of his First Amended Complaint, Plaintiff alleges that he is entitled to damages "as stated in the Federal Deposit Insurance Corporation ('FDIC'), Chapter 6500, Section 226.12, Special Credit Card Provisions." The Plaintiff then quotes from language which is taken from the staff interpretations of 12 C.F.R. § 226.12. *See* 12 C.F.R. Part 226, Supplement I, Subpart A, Section 226.12.

therefore this Court is the proper District Court to which this case should be removed pursuant to 28 U.S.C. § 1441(a).

14. This Notice of Removal is being filed within thirty (30) days after service of the First Amended Complaint. As the initial Complaint did not state any federal claims and did not allege an amount in controversy sufficient to meet the requirements of diversity jurisdiction, the First Amended Complaint was the first pleading, motion, order, or other paper from which Wells Fargo could first ascertain that the case was removable. Therefore, removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3).

15. Pursuant to 28 U.S.C. § 1446(a), Exhibits A – I comprise all of the process, pleadings, and orders served upon Wells Fargo.

16. This short and plain statement of the grounds for removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Wells Fargo prays that the above-entitled action be removed from the District Court of the Second Circuit, Molokai Division, State of Hawaii to the United States District Court for the District of Hawaii.

DATED: Honolulu, Hawaii, May 19, 2016.

/s/ Regan M. Iwao
EDMUND K. SAFFERY
REGAN M. IWAO
LAUREN K. CHUN

Attorneys for Defendant
WELLS FARGO BANK, NATIONAL ASSOCIATION