IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| KEVIN BROWN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>　　　　　Defendant. | CIVIL NO. 16-00250 DKW-KSC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE** |

**ORDER GRANTING PLAINTIFF'S
MOTION TO DISMISS WITHOUT PREJUDICE**

Plaintiff Kevin Brown, proceeding pro se, filed a lawsuit in Molokai District Court, State of Hawaii against Defendant Wells Fargo Bank, National Association ("Wells Fargo"), alleging purely state law claims based on credit card fraud and requesting judgment in the amount of $15,253. After Brown filed an amended complaint that added alleged violations of certain federal statutes, Wells Fargo removed the action to federal court. In light of recent events, including health and litigation cost concerns, Brown seeks to dismiss his amended complaint without prejudice. Wells Fargo does not oppose Brown's request to dismiss his amended

complaint, but contends that the dismissal should be with prejudice. As set forth below, the Court GRANTS Brown's Motion to Dismiss Without Prejudice.[1]

## BACKGROUND

On December 23, 2015, Brown filed his original complaint in the District Court of the Second Circuit, Molokai Division, State of Hawaii ("Molokai District Court"). Dkt. No. 1-1 at 1. Brown alleged solely state law claims against Wells Fargo based on credit card fraud and requested judgment in the amount of $15,253. *Id.* After Wells Fargo moved to dismiss the complaint, the Molokai District Court ordered Brown to file an amended complaint to address certain deficiencies with his original complaint. Dkt. No. 1-7.

On May 5, 2016, Brown filed his amended complaint ("First Amended Complaint"), which alleged for the first time federal claims against Wells Fargo. Dkt. No. 1-8. The amount in controversy remained the same. *Id.* Thereafter, on May 19, 2016, Wells Fargo removed the action to this Court (Dkt. No. 1), based on federal question jurisdiction, and filed its answer to the First Amended Complaint on May 23, 2016. Dkt. No. 7.

On September 19, 2016, Brown filed a Motion to Dismiss Without Prejudice ("Motion"). Dkt. No. 20. The Court held a status conference to clarify the objective of the Motion, at which time Brown explained that he sought dismissal of

---

[1] The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d).

the action without prejudice because it was not feasible to litigate his claims in federal court at this time given his current physical condition and the additional cost involved in litigating on Oahu. Wells Fargo did not oppose the dismissal, but asserted that dismissal should be with prejudice. As instructed by the Court, Wells Fargo filed a written memorandum explaining its position (Dkt. No. 23), to which Brown replied (Dkt. No. 24).

## STANDARD OF REVIEW

Rule 41(a)(1) of the Federal Rules of Civil Procedure permits a plaintiff to dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. When, as is the case here, an opposing party has served an answer, a plaintiff may voluntarily dismiss an action only by court order:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.

Fed. R. Civ. P. 41(a)(2). "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion . . . ." *Stevedoring Servs. of Am. v. Armilla Int'l B. V.*, 889 F.2d 919, 921 (9th Cir. 1989). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, or unfairly affected by dismissal." *Id*. (internal citation omitted).

"[W]hen ruling upon a Rule 41(a)(2) motion to dismiss without prejudice, the district court must first determine whether the opposing party will suffer resultant legal prejudice." *BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., Inc.*, No. CIV. 09-00181 DAE-KSC, 2011 WL 2938512, at *2 (D. Haw. July 18, 2011); *see also Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) ("A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." (internal citation omitted)). Legal prejudice is "'prejudice to some legal interest, some legal claim, [or] some legal argument.'" *Smith*, 263 F.3d at 976 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) ). "Uncertainty because a dispute remains unresolved" or "the threat of future litigation which causes uncertainty" does not constitute legal prejudice. *Westlands Water Dist.*, 100 F.3d at 96–97. "Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith*, 263 F.3d at 976.

## DISCUSSION

Brown seeks to dismiss his First Amended Complaint without prejudice, explaining that litigating his claims in federal court is not feasible at this time given the cost and his health. Because Brown seeks dismissal of his claims

without prejudice, the Court must determine whether Wells Fargo will suffer legal prejudice as a result of such dismissal. *BlueEarth Biofuels, LLC*, 2011 WL 2938512 at *2.

In determining whether dismissal should be with or without prejudice, the Court considers the following factors: (1) the defendant's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) whether summary judgment has been sought by the defendant. *See id*. As set forth below, the Court concludes that consideration of these factors weighs in favor of dismissal without prejudice.

Although Wells Fargo has undoubtedly incurred some cost in having to defend this action up to this point in both state and federal court, including making two in-person appearances to Molokai District Court, filing and responding to motions in Molokai District Court, and conferring with Brown regarding various items, "the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands Water Dist.*, 100 F.3d at 97. Moreover, this case is in its infancy, discovery, if any, has been minimal, and nothing close to trial preparation can be said to have been done by either side. Further, there is no indication that Brown engaged in excessive delay or lacked diligence in prosecuting the action. Rather, Brown, proceeding pro se, clearly did not

anticipate that his reference to certain federal statutes in his Amended Complaint would result in the removal of his action to federal court and away from his residence on the Island of Molokai. Brown also explains that his current physical condition—which Wells Fargo does not contest—has made it difficult to litigate his claims now, particularly across interisland waters, as opposed to possibly at a future date.[2] Lastly, the Court notes that a motion for summary judgment has not been filed by Wells Fargo in this action.

In sum, the Court finds no evidence of forum shopping or attempts to game the system by Brown. He neither anticipated removal nor his injuries, and with no evident legal prejudice to Wells Fargo, there is no reason to forever bar his claims. The cases relied on by Wells Fargo are inapposite because there is no evidence that Brown is attempting to undo unfavorable rulings, escape an adverse decision, or seek a more favorable forum by filing the instant Motion. That said, Brown is on notice that if he chooses to refile his lawsuit at a future time in his local jurisdiction, and includes federal claims, as he did here, he can anticipate removal of the action to federal court.

---

[2] Brown reported that on May 8, 2016, he fell from a 24-foot extension ladder, "breaking 11 ribs, puncturing a lung, disrupting the right 4th cranial nerve, and causing [] other neurological deficit." Dkt. No. 24 at 3. According to his discharge summary that Brown attached as an exhibit, Brown was hospitalized at Maui Memorial Medical Center from May 8, 2016 to May 25, 2016. Dkt. No. 24-2.

## CONCLUSION

The Court hereby GRANTS Brown's Motion to Dismiss Without Prejudice.³

The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED: November 28, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

___

Brown v. Wells Fargo Bank, National Association; CV 16-00250 DKW-KSC;
**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**

___

³Wells Fargo requests that attorneys' fees be awarded if the Court determines that dismissal should be without prejudice. The imposition of costs and fees is not a prerequisite to the granting of a voluntary dismissal, and the Court refrains from finding that such an award is an appropriate or necessary condition to voluntary dismissal here. *Stevedoring*, 889 F.2d at 921; *see also Westlands Water Dist.*, 100 F.3d at 97. Wells Fargo should separately move for an award of attorneys' fees and/or costs if it believes there is a valid basis to do so.